Filed 9/9/14  P. v. Montano CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANIEL MONTANO,<br><br>Defendant and Appellant. | H040571<br>(Monterey County<br>Super. Ct. No. SS130424) |

Defendant Daniel Montano appeals his conviction by jury trial of possessing a controlled substance in prison.  (Pen. Code, § 4573.6.)[1]  The jury also found true the allegations he had suffered four prior strikes.  (§§ 667, subds. (b)-(i), 1170.12.)  Defendant was sentenced to a term in prison of 25 years to life.  On appeal, his counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared defendant was notified an independent review under *Wende* was being requested.  We advised defendant of his right to submit written argument on his own behalf within 30 days.  Defendant has submitted a letter brief arguing the trial court erred in denying his *Romero*[2] motion and in imposing an unreasonable restitution fine.

Pursuant to *People v. Wende*, we have reviewed the entire record and have concluded that there are no arguable issues.  We will provide "a brief description of the

---

[1] Further unspecified statutory references are to the Penal Code.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

facts and procedural history of the case, the crimes of which defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 110.) Pursuant to *Kelly*, we will consider defendant's letter brief and will explain why we reject his contentions. (*Id.* at p. 113.)

**FACTUAL AND PROCEDURAL BACKGROUND**

*The Complaint*

On February 26, 2013, a complaint was filed charging defendant, an inmate at the Correctional Training Facility in Soledad, with a count of possession of controlled substances in prison (§ 4573.6). The complaint also alleged defendant had suffered four prior strikes within the meaning of section 1170.12, subdivision (c)(2), including a conviction for murder (§ 187, subd. (a)), two convictions for assault with a firearm (§ 245, subd. (a)(2)), and a conviction for shooting into an occupied vehicle (§ 246).

*Defendant's* Romero *Motion*

In March 2013, defendant filed a motion requesting the trial court exercise its discretion under section 1385 and *Romero*, *supra*, 13 Cal.4th 497 to dismiss all but one of his prior strikes. Defendant argued that three of his four prior strikes (the two convictions for assault with a firearm and the conviction for shooting into an occupied vehicle) arose out of the same case in 1992 when he was a juvenile. The People opposed the motion.

Following a hearing on June 12, 2013, the trial court denied defendant's *Romero* motion after acknowledging the seriousness of his prior convictions and the amount of drugs he allegedly possessed in the present case.

*The Trial*

Defendant's trial began in October 2013. John Hill, a correctional sergeant employed with the California Department of Corrections, testified on behalf of the prosecution. Hill asserted that on April 16, 2012, he participated in a search of defendant's cell. When officers entered, defendant, who was standing near the cell's

2

toilet, made a motion with his hands and stepped away. Based on his training, Hill believed defendant was flushing contraband. Officers restrained defendant and retrieved six bindles of suspected black tar heroin from the toilet.

Defendant was taken to a holding cell, and officers performed an unclothed body search. During the search, officers found three bindles of suspected black tar heroin in defendant's shorts. Officers also found another bindle of suspected black tar heroin lying on defendant's assigned bunk. In total, the bindles weighed more than five grams and were later confirmed to contain heroin.

The prosecution presented evidence of defendant's prior convictions by introducing defendant's prison packet, which included the abstracts of judgment of his prior cases.

The jury returned a guilty verdict on the substantive charge of possessing a controlled substance in prison. The allegations he had suffered four prior strikes were also found true.

*The Sentence and* Romero *motion*

In December 2013, defendant filed a second *Romero* motion requesting the court dismiss all but one of his prior strikes in the interest of justice. The motion reiterated the same arguments presented in his pretrial *Romero* motion.

On January 14, 2014, the trial court denied defendant's *Romero* motion and sentenced defendant to a term of 25 years to life in prison. Defendant was ordered to pay a restitution fine in the amount of "$280 times the number of years times the number of felony counts." A matching restitution fine was imposed but suspended pending successful completion of parole, postrelease community supervision, or mandatory supervision. The trial court also imposed a $40 court operations assessment fine (§ 1465.8, subd. (a)(1)) and a $30 court facilities assessment fine (Gov. Code, § 70373).

DISCUSSION

Defendant's supplemental letter brief raises two primary arguments: (1) the trial court erred in denying his *Romero* motion, and (2) the imposed restitution fine is unreasonable.

First, defendant claims the court should have granted his *Romero* motion because his prior strikes occurred years ago and several of his strikes occurred out of the same incident. Defendant was convicted in 1992 of two counts of assault with a firearm (§ 245, subd. (a)(2)) and one count of shooting into an occupied vehicle (§ 246). His conviction for shooting into an occupied vehicle was stayed pursuant to section 654. He was also convicted of murder (§ 187, subd. (a)) in 1996 for a crime he committed in 1995.

*Romero* acknowledged a court may "strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, 'in the furtherance of justice' pursuant to . . . section 1385[, subdivision] (a)." (*People v. Williams* (1998) 17 Cal.4th 148, 158.) When a trial court decides whether to dismiss a prior strike, it "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside" the spirit of the Three Strikes law. (*Id.* at p. 161.)

A court only abuses its discretion in declining to strike a prior conviction under limited circumstances, because the law creates a "strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*People v. Carmony* (2004) 33 Cal.4th 367, 378.) An abuse of discretion can occur if the court is unaware of its discretion to dismiss a prior strike, or if it considered impermissible factors when declining to dismiss.

4

Here there is nothing to indicate the trial court considered inappropriate factors when it declined to dismiss his prior strikes.  Additionally, a trial court does not abuse its discretion when it denies a *Romero* motion even if some of the prior convictions arose out of the same set of facts so long as the defendant committed multiple acts.  (*People v. Benson* (1998) 18 Cal.4th 24, 26, 36.)[3]  Moreover, each conviction can qualify as a separate strike, notwithstanding that the trial court stayed sentence on one of the felonies pursuant to section 654.  (*People v. Benson*, *supra*, at p. 26.)  Defendant has therefore failed to establish the trial court abused its discretion in denying his *Romero* motion.  (*Romero*, *supra*, 13 Cal.4th at p. 504.)

Second, defendant claims he believed the restitution fine imposed under section 1202.4, subdivision (b) was set at $280 and only recently became aware that the $280 was multiplied by his 25-year prison sentence for a total fine of $7,000.[4]  He contends that had he known the restitution fine was $7,000 he would have objected to the amount, because he suffers from financial hardships because of his incarceration.

However, the transcript of the sentencing hearing indicates defendant was present when the trial court orally imposed the restitution fine of "$280 times the number of years times the number of felony counts."  Despite this pronouncement, defendant failed

---

[3] Recently, our Supreme Court addressed an issue raised but not determined by the *Benson* court, holding that a trial court abuses its discretion by failing to strike a prior strike if two prior convictions are based on a single act.  (*People v. Vargas* (2014) 59 Cal.4th 635, 645.)  Here the only evidence of defendant's convictions is contained in the abstracts of judgment, which are devoid of any information regarding the factual circumstances of his crimes.  Therefore, there is nothing in the record that establishes his convictions arose out of a single act.  We note that any claims based on matters outside the record are more appropriately raised by writ of habeas corpus.  (*People v. Salcido* (2008) 44 Cal.4th 93, 172.)

[4] Additionally, the amount of the restitution fine ($7,000) is not statutorily unauthorized.  Section 1202.4 specifies a maximum restitution fine of $10,000.  (§ 1202.4, subd. (b)(1).)

to object to the fine and has therefore forfeited his contention on appeal. (*People v. Nelson* (2011) 51 Cal.4th 198, 227.)

In addition to considering the arguments set forth by defendant in his letter brief, we have also conducted an independent review of the record pursuant to *Wende* and *Kelly* and have concluded there are no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.

_____
                                    Premo, Acting P.J.


WE CONCUR:




_____
        Elia, J.




_____
        Mihara, J.